UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

OTHELLA GRANT
    Plaintiff

-vs-                                            Case No.
                                                      Hon.
NATIONAL CREDIT WORKS, INCORPORATED
DOUGLASS MACKINNON,
JOHN LICATA,
GREGORY EMMINGER,
CARLOS SMITH,
    Defendant

## COMPLAINT & JURY DEMAND

*Othella Grant states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Othella Grant who resides in Highland Park, MI 48020.

4. The Defendants to this lawsuit are as follows:

    a. National Credit Works, Incorporated ("NCW") which is a corporation doing business in New York and collecting debts in Michigan

    b. Douglass Mackinnon ("Mr. Mackinnon") is an individual and at all relevant times was a manager of National Credit Works.

1

    c.      John Licata ("Mr. Licata") is an individual and at all relevant times was a manager of National Credit Works.

    d.      Gregory Emminger (Mr. Emminger) is an individual and at all relevant times was a manager of National Credit Works.

    e.      Carlos Smith (Mr. Smith) is an individual and at all relevant times was a manager of National Credit Works.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Wayne County.

6. Venue is proper in the Eastern District of Michigan.

### General Allegations

7. NCW acquired information concerning an alleged debt owed by Ms. Grant.

8. That debt was a consumer debt for purposes of the FDCPA, 15 U.S.C. § 1681a.

9. Ms. Grant is a consumer for purposes of the FDCPA, 15 U.S.C. § 1681a.

10. Acting under the direction of Mr. Mackinnon, Mr. Licata, Mr. Emminger, and Mr. Smith (collectively referred to as the "managers") in their capacities as managers, NCW began a campaign of harassment against Ms. Grant through its collectors.

11. Under the direction and management of the managers, NCW's staff called Ms. Grant and

    a.      informed her that she was being prosecuted for not paying a debt;

    b.      told that they would "sue your behind;"

    c.      told that she had defaulted on civil suit;

    d.      told that "you folks" have a problem paying for things, which Ms. Grant understood to be a racial slur;

    e.    took money from her bank account without authorization;

    f.    told Ms. Grant that she was "stupid" and that "the apple doesn't fall far from the tree" because her parents were stupid too;

    g.    told her that the phone calls in which this abuse occurred were being recorded but could not be provided to her.

12.    As a result of the acts alleged above, Ms. Grant has suffered damages.

## COUNT I – Fair Debt Collection Practices Act (NCW)

13.    Ms. Grant incorporates the preceding allegations by reference.

14.    At all relevant times NCW and the managers regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15.    NCW and the managers are "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16.    At all times relevant to this complaint, NCW sought to collect a "consumer" debt from Ms. Grant.

17.    NCW actions to collect this alleged debt from Ms. Grant violated the provisions of the FDCPA.

18.    Ms. Grant has suffered damages as a result of these violations of the FDCPA.

## Demand for Jury Trial

19.    Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

20.    *Accordingly, Ms. Grant requests that the Court grant:*

    a.    *Equitable relief under statute and common law, in the form of a declaration that the*

*amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

b.   *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

c.   *Statutory damages.*

d.   *Treble damages.*

e.   *Statutory costs and attorney fees.*

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Othella Grant
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: August 1, 2012

4